UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GIBERT ALONSO-PORTILLO,

    Petitioner,

    v.

PAMELA BONDI, Attorney General of the United States, et al.,

    Respondents.

Case No. 1:25-CV-306

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Petitioner Gilbert Alonso-Portillo's amended motion for reconsideration of the dismissal of his petition for habeas corpus pursuant to 28 U.S.C. § 2241.

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration. However, "[u]nder Rule 59(e), a party can move to 'alter or amend a judgment'" for any one of four reasons: "(1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 833 (6th Cir. 2019) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

1

A motion under Rule 59(e) is not to be used as a mechanism to relitigate a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018) ("Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected."), nor should it be used as a means to raise new legal arguments that could have been raised prior to the entry of judgment, *Exon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008).

Alonso-Portillo argues that reconsideration is warranted in light of the Supreme Court's grant of a stay pending appeal in *Noem v. Vasquez-Perdomo*, 606 U.S. ___ (2025). But his reliance on *Vasquez-Perdomo* is misplaced; critically, the grant of a stay is not a final order and it most certainly does not constitute an intervening change in controlling law. *See Bd. of Educ. v. U.S. Dep't of Educ.*, 208 F.Supp.3d 850, 867 n.6 (S.D. Ohio 2016). In addition, it is unclear to the Court how the cited concurrence in *Vasquez-Perdomo* is at all helpful to Alonso-Portillo's position.

The Court has already explained, in detail, why it is bound to the conclusion that Alonso-Portillo is detained lawfully pursuant to 8 U.S.C. § 1226(a). (Doc. 30, PageID 461-67). Alonso-Portillo must challenge his detention and seek release in the context of his civil removal proceedings. And while egregious constitutional violations may result in the application of the exclusionary rule to those proceedings, *see Nolasco-Gaspar v. Holder*, 581 F. App'x 546 (6th Cir. 2014) (per curiam), it must be left to the IJ—and if applicable, the BIA and Sixth Circuit—to examine the highly

irregular circumstances surrounding the issuance of the challenged administrative warrants, (*see* Doc. 30, PageID 473-74), and the admissibility of evidence gathered from any resulting searches.

Accordingly, the amended motion for reconsideration, (Doc. 33), is **DENIED**.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge